UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-cv-22959

YUN WANG, an individual,

        Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

        Defendants.

_____

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

      Plaintiff, Yun Wang ("Plaintiff"), by and through his undersigned attorney, hereby brings this design patent infringement action against the Individuals, Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

**INTRODUCTION**

      1.    This action has been filed by Plaintiff in attempt to combat e-commerce store operators who are making, using, offering for sale, selling, or importing into the U.S. for subsequent sale or use the same unauthorized and unlicensed products, namely door knockers, that infringe upon Plaintiff's design patent, U.S. Patent No. D1,039,961S (the "Infringing Products"). Defendants attempt to circumvent and mitigate liability by operating under one or more seller aliases (the "Seller Aliases") to conceal their identities and the full scope and interworking of their infringing activities. Defendants' e-commerce stores[1] operating under the Seller Aliases share unique identifiers, such as similar product images and specifications, establishing a logical relationship between them, suggesting

---

[1] The e-commerce store urls are listed on Schedule A.

that Defendants' operation arises out of the same transaction, occurrence, or a series of transactions or occurrences.

2.  Plaintiff is forced to file this action against the Defendants because as a result of the infringement, Plaintiff has lost the control over his design patent and the right to exclude others from making, using, offering for sale, selling, or importing into the U.S. the patented design. Plaintiff had incurred great loss due to price erosion caused by the Infringing Products and was almost left out without means to go after the infringers. Plaintiff is forced to bring this action against the infringers by filing this lawsuit before he can sell the genuine door knockers without incurring a loss. Plaintiff has been and continues to be irreparably damaged and seeks injunctive and monetary relief. In support of his claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. § 1, *et seq.*, 28 U.S.C §§ 1331 and 1338.

4.  Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through, at least, the Internet based e-commerce stores and fully interactive Internet websites accessible in this district and operating under their Seller Aliases. Each of the Defendants has targeted sales from Florida residents by operating online stores that offer shipping to this state, accept payment in U.S. dollars and, on information and belief, has sold Infringing Products to the residents of Florida. Each of the Defendants is committing tortious acts in Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in Florida. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2), because (i) Defendants are not subject to jurisdiction in

any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

5. Venue is proper in this Court pursuant to 28 U.S.C § 1391 since Defendants are, upon information and belief, foreign entities or individuals who are engaged in infringing activities and causing harm within this district by making, using, offering for sale, selling, or importing Infringing Products into the U.S.

6. Joinder is proper in this matter pursuant to 28 U.S.C. § 299 as Plaintiff's claim for relief arises out of the same transaction, occurrence, or series of transactions or occurrences related to the making, using, importing, offering for sale, and selling of the same infringing products. For example, the Infringing Products share identical infringing design. As such, common questions of fact exist in regard to all Defendants in terms of infringement and any likely counterclaims for noninfringement and/or invalidity of the design patent.

## THE PARTIES

7. Plaintiff is an individual and the lawful owner of all right, title, and interest in and to the U.S. Patent No. D1,039,961S ("Design Patent").

8. The Design Patent was lawfully issued by the United States Patent and Trademark Office. Attached hereto as **Exhibit 1** is a true and correct copy of the United States Design Patent registration for the Design Patent.

9. Plaintiff sells his own door knockers on Amazon, which embody and practice the Design Patent, and such Plaintiff's products have been marked with the Design Patent number pursuant to 35 U.S.C. § 287 (a). Plaintiff's products are well established on Amazon and enjoy quality customer review and high ratings. The design of the Design Patent is broadly recognized by consumers.

10. Plaintiff has not granted license or any other form of permission to any Defendant to use the Design Patent.

**Defendants**

11. On information and belief, Defendants are individuals and business entities who own and operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff.

12. On information and belief, a majority of Defendants resides and/or operates in the Peoples Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b)(1).

13. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics are used by Defendants to conceal their identities and the full scope of their operation to make it virtually impossible for Plaintiff to learn Defendants' true identities and their exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take the appropriate steps to amend the Complaint.

**DEFENDANTS' UNLAWFUL CONDUCT**

14. The popularity of the Design Patent has resulted in significant infringement. Recently, Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were/are offering for sale and/or are selling Infringing Products on online marketplace platforms such as Amazon. The Seller Aliases target consumers in the U.S. and this Judicial District. According to a U.S. Customs and Border Protection (CBP) Report, in 2021, CBP made over 27,000 seizures of goods with intellectual property rights violating totaling over $3.3 billion, an increase of $2.0 billion from 2020. *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*, U.S.

Customs and Border Protection **Exhibit 2**. Of the 27,000 in total, seizures, over 24,000 came through international mail and express shipments (as opposed to large shipping containers). Most of which originated from mainland China and Hong Kong. *Id.*

15. Third-party service providers, such as, for example, Amazon, eBay, PayPal, etc., like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities allowing those misappropriating lawful intellectual property to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 3**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 Nw. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U. S. Department of Homeland Security's Office of Strategy, Policy, and Plans, attached as **Exhibit 4**, and finding that on "at least some e-commerce platforms, little identifying information is necessary for counterfeiters to begin selling" and recommending that "[s]ignificant enhanced vetting of third-party sellers" is necessary. Those misappropriating intellectual property hedge against the risk of being caught and having their websites/advertisements taken down from an e-commerce platform by preemptively establishing multiple storefronts. Exhibit 4 at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, those misappropriating intellectual property can have many different profiles that can appear unrelated even though they are commonly owned and operated. Exhibit 4 at p.39.

16. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal and others.

17. On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to Internet-based e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Seller Aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

18. On information and belief, Defendants regularly register or acquire new seller aliases to sell Infringing Products. Such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identities and interworking of their operation, and to avoid being shut down.

19. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other seller aliases they operate or use.

20. On information and belief, Defendants are in constant communication with each other and regularly participate in WeChat and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

21. Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff.

22. On information and belief, Defendants are an interrelated group of e-commerce sellers misappropriating Plaintiff's valuable intellectual property and working in active concert to offer for

sale and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly, and willfully infringed the Design Patent.

23. Defendants' infringing activities has caused Plaintiff irreparable harms including but not limited to loss of business opportunities, loss of future sales, loss of the right to exclude others from benefiting from the Design Patent, and the hardship in bringing this action.

## COUNT I
## Patent Infringement of United States Design Patent
**(35 U.S.C. § 271)**

24. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

25. Plaintiff is the lawful owner of the Design Patent.

26. Defendants are making, using, offering for sale, selling and/or importing into United States for subsequent sale Infringing Products that infringe directly and/or indirectly the Design Patent.

27. Defendants have infringed the Design Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff irreparable harm resulting from the loss of his patent rights to exclude others from benefiting from making, using, offering for sale, selling and importing the Design Patent. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. §283.

28. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the Design Patents, Plaintiff will continue to be irreparably harmed.

29. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including defendants' profits pursuant to 35 U.S.C. §289. Plaintiff is entitled to recover any other compensatory damages as appropriate pursuant to 35 U.S.C. §284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. offering for sale, selling and/or importing into United States any products not authorized by Plaintiff that embody or practice the Design Patent;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Design Patent; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or other avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as, but not limited to Amazon (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of any product infringing upon the Design Patent;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Design Patent, including but not limited to all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' infringement of the Design Patent;

4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the Design Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

5) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

6) Award any and all other relief that this Court deems just and proper.

Dated: July 1, 2025                                         Respectfully submitted,

*Ni Sydney Xue*
Ni Sydney Xue
Fla. Bar No. 1026130
Email: Ni@Kemetlawgroup.com
Kemet law Group, LLP
1825 NW Corporate Blvd., Ste. 110
Boca Raton, Florida 33431
Telephone: (561) 870-0605

*Attorneys for Plaintiff Yun Wang*

# SCHEDULE "A"

This page is the subject of Plaintiff's Motion to File Under seal. As such, this page has been redacted in accordance with L.R. 5.4(b)(1)